CAROLINE TURCO, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*
*City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MASON LAKE,** | **3:23-cv-01870-MO** |
| **Plaintiff,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS** |
| **CITY OF PORTLAND, a municipal corporation, and JOHN DOE 1, an individual, and JOHN DOE 2, an individual,** | ***Oral Argument Requested*** |
| **Defendants.** | |

Page  i  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.     MOTION ................................................................................................................1

II.    MEMORANDUM OF LAW ..................................................................................1

    A.     Introduction ..............................................................................................1

    B.     Factual and Procedural Background ..........................................................2

        1.     Plaintiff's Pleadings ......................................................................2

        2.     John Doe Defendants .....................................................................3

        3.     Plaintiff's Tort Claim Notice .........................................................4

        4.     ORS 181A.704 and Plaintiff's Requests for Admissions ..............6

    C.     Legal Standard ..........................................................................................7

        1.     Motion to Dismiss..........................................................................7

        2.     Motion to Strike .............................................................................8

    D.     Argument ...................................................................................................9

        1.     Paragraphs 17-20 should be stricken or dismissed as they contain allegations that are outside the applicable statute of limitations. .................9

        2.     The First and Second Claims for relief should be dismissed because the Court lacks subject matter jurisdiction under the Oregon Tort Claims Act. .....................................................................9

        3.     The John Doe defendants should be stricken or dismissed as claims against them are barred by the statute of limitations. .....................11

        4.     Plaintiff's Third Claim should be dismissed because the claim is time-barred and Plaintiff has failed to allege facts sufficient to meet the elements of *Monell* liability against the City............................11

            i.     Statute of Limitations................................................................ 12

                a. Relation Back ................................................................ 13

                b. Discovery Rule............................................................... 13

            ii.     Failure to State a Claim ........................................................... 16

III.   CONCLUSION.....................................................................................................18

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

# TABLE OF AUTHORITIES

**Federal Cases**

*Alter by and through Alter v. County of San Diego,*
  635 F.Supp.3d 1048 (S.D Cal. 2022) ........................................................................... 17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................... 7, 8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................. 7

*Bibeau v. Pac. Nw. Research Found. Inc.,*
  188 F.3d 1105 (9th Cir. 1999) ................................................................................ 12

*City of Los Angeles v. Heller,*
  475 U.S. 796 (1986) .......................................................................................... 13, 18

*Dahlia v. Rodriguez,*
  735 F.3d 1060 (9th Cir. 2013) .................................................................................. 8

*Don't Shoot Portland v. City of Portland,*
  503 F. Supp. 3d 1022 (D. Or. 2020) ....................................................................... 15

*Fantasy, Inc. v. Fogerty,*
  984 F.2d 1524 (9th Cir. 1993) .................................................................................. 9

*Gregg v. Haw. Dep't of Pub. Safety,*
  870 F.3d 883 (9th Cir. 2017) .................................................................................. 12

*In re Finjan Holdings, Inc.,*
  58 F.4th 1048 (9th Cir. 2023) ................................................................................... 8

*Johnson v. Professional Liability Fund,*
  2011 WL 2270447 (D. Or. Apr. 25, 2011) ............................................................... 8

*Knox v. Davis,*
  260 F.3d 1009 (9th Cir. 2001) ................................................................................ 12

*Lazy Y Ranch Ltd. v. Behrens,*
  546 F.3d 580 (9th Cir. 2008) .................................................................................... 8

*Maldonado v. Harris,*
  370 F.3d 945 (9th Cir. 2004) .................................................................................. 12

*Monell v. Dep't of Soc. Servs. of City of New York,*
  436 U.S. 658 (1978) ............................................................................................... 11

*O'Connor v. Boeing North America, Inc.,*
  311 F.3d 1139 (9th Cir. 2002) ................................................................................ 12

*Price v. Sery,*
  513 F.3d 962 (9th Cir. 2008) .................................................................................. 12

*Sain v. City of Bend,*
  309 F.3d 1134 (9th Cir. 2002) ...................................................................... 9, 11, 12

*Taylor v. Yee,*
  780 F.3d 928 (9th Cir. 2015) ................................................................................ 7, 8

*United States v. Kubrick,*
  444 U.S. 111 (1979) ............................................................................................... 12

*Wallace v. Kato,*
  549 U.S. 384 (2007) ............................................................................................... 12

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

*Warzon v. Drew*,
    60 F.3d 1234 (7th Cir. 1995) ........................................................................... 8
*WaterWatch of Or. v. Winchester Water Control Dist.*,
    2021 WL 4317150 (D. Or. Sept. 22, 2021) ...................................................... 7
*Weisbuch v. Cty. of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997) ........................................................................... 8
*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ........................................................................... 9
*Young v. City of Visalia*,
    687 F. Supp. 2d 1155 (E.D. Cal. 2010) .......................................................... 17

**State Cases**

*Curzi v. Oregon State Lottery*,
    286 Or. App. 254 ........................................................................................... 10
*Fry v. Willamalane Park & Rec. Dist.*,
    4 Or. App. 575 (1971) ...................................................................................... 7
*Johnson v. Smith*,
    24 Or. App. 621 (1976) ............................................................................... 7, 10
*Tyree v. Tyree*,
    116 Or. App. 317 (1992) ................................................................................ 10
*Urban Renewal Agency of Coos Bay v. Lackey*,
    275 Or. 35 (1976) .......................................................................................... 10

**Federal Statutes**

42 U.S.C. § 1983 ............................................................................................. 1, 3, 11

**State Statutes**

ORS 12.020 ........................................................................................................ 11
ORS 12.110 ..................................................................................................... 9, 11
ORS 181A.704 .................................................................................................... 6
ORS 30.275 .................................................................................................... 9, 10
ORS 44.510 ........................................................................................................ 14

**Federal Rules**

FRCP 12(b) ..................................................................................................... 1, 18
FRCP 12(f) ............................................................................................. 1, 8, 9, 18
FRCP 15(c) ........................................................................................................ 13
FRCP 8(a) ............................................................................................................ 7

**State Rules**

ORCP 23(c) ........................................................................................................ 13

Page  iv  –  TABLE OF AUTHORITIES

**Local Rule 7-1 Certificate**

Counsel for defendant City of Portland (hereafter "City") certifies that she and counsel for plaintiff made good faith efforts to resolve the issues in dispute and have been unable to do so.

## I.    MOTION

Defendant City respectfully moves the Court for an Order as follows:

1.    Pursuant to FRCP 12(f) or 12(b)(6), striking or dismissing the allegations in paragraphs 17-20 as they contain allegations that are outside the applicable statute of limitations.

2.    Pursuant to FRCP 12(b)(1) and 12(b)(6), dismissing the First and Second Claims for failure to state a claim upon which relief can be granted as the court lacks subject matter jurisdiction under the Oregon Tort Claims Act.

3.    Pursuant to FRCP 12(f), 12(b)(5), or 12(b)(6), striking or dismissing the John Doe defendants as claims against them are barred by the statute of limitations.

4.    Pursuant to FRCP 12(b)(6), dismissing the Third Claim for failure to state a claim upon which relief can be granted because the claim is time-barred and because Plaintiff has failed to allege the elements of *Monell* liability against the City.

## II.    MEMORANDUM OF LAW

### A.  Introduction

This case arises out of the protests in Portland in response to the murder of George Floyd. Plaintiff attended protests throughout 2020 and 2021, and he alleges that he suffered injuries during these protests.  This case originated in state court in June of 2022, and Plaintiff recently moved to amend his case in state court to add *inter alia* a *Monell* claim under 42 U.S.C. § 1983.  The state

Page  1  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

court granted Plaintiff's request to amend, and the City then sought removal of the case.  The City

now moves to dismiss because the state law claims are barred by inadequate tort claims notice, and

the federal claim is barred by the applicable statute of limitations.  The City also moves on additional

bases including that the John Doe defendants should be dismissed as claims against them are barred;

further, particular allegations in the amended complaint are also time barred.

## B.  Factual and Procedural Background

### 1.  Plaintiff's Pleadings

Plaintiff's original Complaint ("Original Complaint") was first filed in state court on June

27, 2022. (Turco Decl., Ex. 2).  The Original Complaint stated two claims for assault and battery

arising from a protest incident on June 27, 2020. (*Id.*, Ex. 2).  These two claims were stated

against the City of Portland and a John Doe defendant. (*Id.*).  A photograph of the John Doe

defendant was attached to the Original Complaint as an exhibit. (*Id.*).  The City of Portland was

served on August 25, 2022, but the John Doe was never served. (*Id.*, Ex. 1).

Plaintiff filed a First Amended Complaint ("FAC") in state court on August 22, 2022.

(Turco Decl., Ex. 1).  The FAC added a new claim for assault and a new claim for battery, both

arising from a separate protest incident that occurred on August 22, 2020. (*Id.*, Ex. 3).  The FAC

also added another John Doe defendant for this incident, and the FAC attached as an exhibit a

photograph of that person. (*Id.*).

Plaintiff moved to amend and file a Second Amended Complaint ("SAC") on September

15, 2023.  The SAC makes several changes to the FAC.  First, the SAC adds five paragraphs

regarding five new incidents occurring on October 2, 2020, October 10, 2020, November 4,

2020, February 28, 2021, and June 24, 2021. (SAC, ¶¶ 17-20).  The SAC also alters the state law

claims—instead of two claims for assault and two claims for battery, the SAC states a single

Page  2  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

claim for assault and a single claim for battery, and it does not specify which protest incident date gives rise to each of these claims. (*Id.*, ¶¶ 24-30).  Lastly, the SAC adds a new federal *Monell* claim under 42 U.S.C. § 1983. (*Id.*, ¶¶ 31-37).  It outlines seven bases for the claim as follows:

    A.    Allowing police officers to use excessive force against members of the press working at the protests;

    B.    Allowing police officers to use excessive force against individuals more broadly;

    C.    Validating the use of force against members of the press at the protests with no discussion of the reasonableness of the force used; Failing to properly train officers in the application of force against peaceful protesters;

    D.    Failing to properly train officers in the application of force against peaceful protesters;

    E.    Failing to properly train officers in the application of force generally;

    F.    Failing to comply with court orders restricting the use of force against members of the press; and

    G.    Failing to effectively discipline police officers who use excessive force.

(*Id.*)  This claim states it is based on a "custom, practice, or unofficial policy" of the City. (*Id.*, ¶ 35).

### 2.  John Doe Defendants

The John Does were never served with the Original Complaint or the FAC, and the state court dismissed the John Does on October 25, 2022. (Turco Decl., Ex. 4).  On September 21,

Page  3  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

2023, nearly a year after that dismissal, Plaintiff's counsel filed a Motion for Order for Relief of Judgment as to Defendant John Doe 1 and John Doe 2. (*Id.*, Ex. 5). On September 21, 2023, the state court granted this motion and allowed thirty additional days for service of the John Does to occur. (*Id.*, Ex. 6). On October 18, 2023, Plaintiff filed a Motion for Continuance as to John Doe Defendants, in order to enlarge the time by which service of the John Doe defendants was required to be completed. (*Id.*, Ex. 7). This motion was granted the same day, with the continuance allowed until January 16, 2024 to complete service. (*Id.*, Ex. 8). As of the filing of the present motion, it does not appear that Plaintiff has effectuated service on any John Doe defendants.

### 3. Plaintiff's Tort Claim Notice

Plaintiff's Tort Claim Notice ("TCN") dated July 8, 2021, is attached herein as an exhibit to the City's Request for Admissions (Turco Decl., Ex. 9, Ex. A). The TCN lists several addressees, including the City of Portland, Multnomah County Sheriff's Office, and the Oregon Department of Justice. (*Id.*). The TCN lists twenty incident dates, some of which do not specify which law enforcement agency was involved in the incident. (*Id.*). The TCN lists the "Public Employees Involved" as "including but not limited to PPB Officer Brent Taylor, Officer #67, and Officer Bear." (*Id.*). The third page of the TCN lists the "Nature of Injury" as "Physical injury including but not limited to bruising, burning, and tearing, damage to property, violation of civil rights, pain and suffering, and emotional distress." (*Id.*).

The first incident date in Plaintiff's SAC is June 27, 2020. The pleadings state this incident occurred "in the vicinity of SW 4th and Main in Portland, Oregon," and the officer "grabbed and pushed plaintiff...then aimed and released OC spray directly in plaintiff's face."

Page  4  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

(SAC, ¶¶ 4, 8).  The TCN states that on that date "Officer Bear pepper sprayed Mr. Lake point blank and Officers flash banged Mr. Lake at the Justice Center." (Turco Decl., Ex. 9, Ex. A).

The second incident date in Plaintiff's SAC is August 22, 2020. (SAC, ¶ 15).  This incident does not appear on the TCN.  The SAC states the incident occurred "on or about 2 am in the morning of August 22, 2020," and that Plaintiff "was physically shoved." (*Id.*).  Again, the TCN does not include any incident on this date.  Another paragraph in the SAC states it occurred "on or about the night of August 21, 2020 and the morning of August 22, 2020" (SAC, ¶¶ 12-13).  To the extent the incident happened on August 21, 2020, it is still not included on the TCN, because while an incident on that date is listed, it involved "tear gas" and not a "shove."  Moreover, as discussed below, any incident on August 21, 2020, is barred by the statute of limitations, as the August 22, 2020 incident first appeared in the FAC which was filed on August 22, 2022.

The third through seventh incident dates in Plaintiff's SAC are October 2, 2020, October 10, 2020, November 4, 2020, February 28, 2021, and June 24, 2021. (SAC, ¶¶ 17-20).  These incident dates are listed in the TCN and the descriptions bear some resemblance, with the exception of the November 4, 2020 incident.  In the TCN, the November 4, 2020 incident is described as follows, involving no Portland police actors: "Unified command with national guard and OSP shoved Mr. Lake and other press while they were pinned between two lines of Officers." (Turco Decl., Ex. 9, Ex. A, p. 2).  The SAC describes this incident by attributing all action to "Portland Police Officers" and not mentioning the National Guard or Oregon State Police.

///

///

Page  5  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

### 4. ORS 181A.704 and Plaintiff's Requests for Admissions

On June 15, 2021, Governor Brown signed into law House Bill 3355, which became ORS 181A.704. This law became effective June 15, 2021, more than a year before Plaintiff filed his Original Complaint. Under ORS 181A.704, a law enforcement agency "shall perform an investigation to identify a law enforcement officer upon request from a member of the public." ORS 181A.704(2)(a). The statute requires some documentation to accompany the request, which can be a partial name of the officer, a partial identifying number of the officer, as well as other documents, such as "a photograph of the officer." ORS 181A.704(2)(a)(A)-(F). Upon receipt of the request and the documentation, the law enforcement agency is required to give the name of the officer within 14 days. ORS 181A.704(2)(c)-(3).

It does not appear that Plaintiff ever took advantage of ORS 181A.704 despite being a professional photographer and having photographs of the officers attached to his pleadings. This can be inferred from the fact the TCN is dated July 8, 2021, approximately a year after these incidents, but the TCN does not include the correct names of the officers involved. Plaintiff's filing his case against John Does also confirms that he never took advantage of ORS 181A.704. Finally, in his response to the City's Request for Admissions, filed August 11, 2023, Plaintiff confirmed he did not know the identity of the officers involved. (Turco Decl., Exs. 9, 10, 11). In that RFA, the City asked Plaintiff to admit that Officer Lehman was the officer involved in the June 27, 2020 incident. (*Id.*, Ex. 9). The RFA also asked Plaintiff to admit that Officer Elam's report from August 22, 2020 described the use of force in Plaintiff's pleading, effectively asking Plaintiff to admit that Officer Elam was the officer involved in that incident. (*Id.*) In response to these requests, Plaintiff denied knowledge of the identity of the officers involved. (Turco Decl., Exs. 10, 11).

Page  6  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

After the City filed its RFA, Plaintiff in turn filed his First Request for Admissions ("First RFA") on September 7, 2023. (Turco Decl., Ex. 12).  His First RFA asked the City to admit that the officer involved in the June 27, 2020 incident was Officer Lehman. (*Id.*).  The City promptly admitted this in its response on October 2, 2023. (*Id.*, Ex. 13).  Then, on October 18, 2023, Plaintiff filed his Second Request for Admissions ("Second RFA"), which asked the City to admit that Officer Elam was the officer involved in the August 22, 2020 incident. (*Id.*, Ex. 14). The City promptly admitted this as well. (*Id.*, Ex. 15).

**C.  Legal Standard**

**1.  Motion to Dismiss**

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp.* 550 U.S. at 555).  A 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

A 12(b)(1) motion "challenges the court's statutory or constitutional power to adjudicate the case before it." *WaterWatch of Or. v. Winchester Water Control Dist.*, 2021 WL 4317150, at *2 (D. Or. Sept. 22, 2021) (citations omitted). Pleading timely and proper notice is a jurisdictional prerequisite to bringing a claim against a public body. *See Fry v. Willamalane Park & Rec. Dist.*, 4 Or. App. 575, 582 (1971); *Johnson v. Smith*, 24 Or. App. 621, 625-26 (1976).

Page  7  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

In evaluating a motion to dismiss, the Court must accept the allegations of material facts as true and construe those allegations in the light most favorable to the non-moving party. *Taylor,* 780 F.3d at 935.  Significantly though, the Court need not accept as true legal conclusions or legal argument couched as factual allegations. *Iqbal*, 556 U.S. at 678–79 (a court does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations.") "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.  Moreover, the Court may "reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).  Additionally, "a plaintiff may plead [him]self out of court" if he pleads facts which establish that he cannot prevail on his claim. *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

Further, "[a]ny allegations in the complaint which contradict [documents incorporated by reference] need not be accepted as true by the court" on a Rule 12(b)(6) motion. *See Johnson v. Professional Liability Fund*, 2011 WL 2270447, *1 (D. Or. Apr. 25, 2011) (citing *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). Put another way:

> [w]hen a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling. Similarly, where a complaint incorrectly summarizes or characterizes a legally operative document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, the document itself is controlling. *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023).

**2.  Motion to Strike**

The Court may, on its own initiative, or pursuant to a motion from either party, strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  FRCP 12(f).

Page  8  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023(1994).

**D. Argument**

> **1. Paragraphs 17-20 should be stricken or dismissed as they contain allegations that are outside the applicable statute of limitations.**

A two-year statute of limitation applies to Plaintiff's tort claims as well as his § 1983 claim. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (stating that under the Ninth Circuit's precedent, in Oregon, the two-year statute of limitations provided by ORS 12.110 applies to § 1983 actions). The allegations contained in paragraphs 17-20 of the SAC concern incidents that occurred more than two years prior to the filing of the SAC. Specifically, these paragraphs concern events that occurred on October 2, 2020, October 10, 2020, November 4, 2020, February 28, 2021, and June 24, 2021. (SAC, ¶¶ 17-20). These dates are also more than two years before Plaintiff moved to amend on September 15, 2023. As such, these paragraphs cannot form the basis of a claim for Plaintiff, and they should be stricken from the pleading.

> **2. The First and Second Claims for relief should be dismissed because the Court lacks subject matter jurisdiction under the Oregon Tort Claims Act.**

The Oregon Tort Claims Act ("OTCA") requires that plaintiffs give notice to the public body of the alleged tort "within 180 days after the alleged loss or injury." ORS 30.275(2)(b). The OTCA requires that the notice include:

> (a) A statement that a claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body;
> (b) A description of the time, place and circumstances giving rise to the claim, so far as known to the claimant; and

Page 9 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

> (c) The name of the claimant and the mailing address to which correspondence concerning the claim may be sent.

ORS 30.275(4).  It is Plaintiff's burden to plead and prove that they have provided adequate notice. *See Urban Renewal Agency of Coos Bay v. Lackey*, 275 Or. 35, 40 (1976). The "pleading of notice in a proper fashion is a jurisdictional prerequisite to bringing a claim against" a local government. *Johnson v. Smith*, 24 Or. App. 621, 626 (1976); *Curzi v. Oregon State Lottery*, 286 Or. App. 254, 265, *rev den'd,* 362 Or. 175 (2017).  As such, a complaint that fails to allege timely tort claim notice in accordance with the OTCA is subject to dismissal for lack of subject matter jurisdiction. *Curzi* at 265; *Tyree v. Tyree*, 116 Or. App. 317, 320 (1992).

Here, the SAC states, in the federal claim for relief, that "Notice of these claims were properly given to the City of Portland within 180 days of this incident pursuant to ORS 30.275." (SAC, ¶ 31).  The City did receive a TCN for Plaintiff, but it does not include any incident that occurred on August 22, 2020 (Turco Decl., Ex. 9, Ex. A).  The TCN does include an incident on the date of June 27, 2020, but it incorrectly states an Officer Bear was the officer involved. (*Id.*). The TCN also states the incident on June 27, 2020, occurred at the Justice Center,[1] and the SAC states that incident occurred at SW 4th and Main.

Plaintiff's notice does not give an adequate description of the time, place and circumstances giving rise to the claim.  As to the August 22nd incident, it is not listed in the TCN at all.  As to the June 27th incident, a different location and different officer are listed in the TCN than in the pleadings.

///

///

---

[1] The City asks the Court to take judicial notice of the fact the Justice Center sits between SW Main Street and SW Madison Street, facing SW 3rd Avenue.

Page  10  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

**3.  The John Doe defendants should be stricken or dismissed as claims against them are barred by the statute of limitations.**

Under ORS 12.020, a plaintiff's lawsuit is "commenced" for purposes of the statute of limitation when the lawsuit was filed, if service is achieved within "60 days after the date on which the complaint in the action was filed." ORS 12.020(2).  Plaintiff's claims against the John Doe defendants in the First, Second, and Third Claims are subject to a two-year statute of limitations. *See Sain*, 309 F.3d at 1139; ORS 12.110(1).

Plaintiff initially filed his Original Complaint and FAC against John Does, but the state court issued a limited judgment of dismissal for want of prosecution as the John Does were never served. (Turco Decl., Ex. 4).  This limited judgment was entered October 25, 2022, and was not altered until Plaintiff moved for relief from judgment nearly a year later, on September 15, 2023 (*Id.*, Ex. 5).  The John Does still have not been served, meaning the lawsuit against them was never "commenced" on the filing date.  Therefore, any tort claim or constitutional claim against the John Does is untimely as two years have transpired since all the events described in Plaintiff's pleadings.  As such, the John Does should be dismissed or stricken.

**4.  Plaintiff's Third Claim should be dismissed because the claim is time-barred and Plaintiff has failed to allege facts sufficient to meet the elements of *Monell* liability against the City.**

Plaintiff's Third Claim for Relief is a *Monell* claim brought under 42 U.S.C. § 1983, and it should be dismissed as it is both untimely and fails to state a claim.  To briefly summarize, a *Monell* claim is a particular type of claim against a municipality for constitutional violations, because a municipality cannot be liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978).  Liability arises from (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act of an "official whose acts fairly

Page  11  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

represent official policy such that the challenged actions constituted official policy"; or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

### i.  Statute of Limitations

Looking first at timeliness, as discussed above, the state law statute of limitations of two years applies to this claim. *See Sain, supra.*  In terms of accrual, "[f]ederal law determines when a civil rights claim accrues." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).  And "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

With regard to a *Monell* claim, accrual begins "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).  A cause of action accrues even if "the full extent of the injury is not then known." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).  The plaintiff must diligently seek out the "critical facts," which are "that he has been hurt and who has inflicted the injury." *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).  The plaintiff is then on inquiry notice because reasonable investigation will unveil the basis for his claim. *See United States v. Kubrick*, 444 U.S. 111, 122–23 (1979).  "The plaintiff will be charged with knowledge of facts that he would have discovered through inquiry." *O'Connor v. Boeing North America, Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

Based on the allegations, the Third Claim for Relief arises from events occurring during the George Floyd protests of 2020 and 2021.  The latest date listed in the pleadings is June 24, 2021. (SAC, ¶ 20).  Based on this date, the *Monell* claim should have been filed in late June of 2023, but Plaintiff did not file his Motion for Leave to Amend, as discussed above, until

Page  12  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

September 15, 2023.  Because Plaintiff's filing of the *Monell* claim was more than two years beyond the underlying injuries, the claim is time-barred and should be dismissed.

As part of his Motion for Leave to Amend in state court, Plaintiff asserted application of the relation back doctrine and the discovery rule to toll the statute of limitations. (Turco Decl., Exs. 16, 17).  Neither of these arguments is persuasive based on the facts of this case.

### a.  Relation Back

The relation back doctrine require that a new claim arise "out of the conduct, transaction, or occurrence" in the original pleading. FRCP 15(c)(1)(B); ORCP 23(c).  The allegations in Plaintiff's new *Monell* claim turn on training, discipline, and "court orders." (SAC, ¶ 35).  These are not concepts that appear in the earlier versions of the pleadings, which alleged only tort law claims under state law.  As such, these new concepts, and the *Monell* claim itself, do not relate back to the earlier pleading and are time-barred.

More importantly, relation back fails for procedural reasons.  A *Monell* claim arises from, and is dependent on, an underlying constitutional injury. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).  The *Monell* claim is therefore derivative of an underlying constitutional violation.  As explained above, the various incident dates in Plaintiff's pleading are either time-barred or the Court lacks subject matter jurisdiction over them.  As such, the individual incidents in Plaintiff's pleadings should be dismissed, and they cannot form the basis for a relation back argument.  In other words, because the underlying injury claims are procedurally improper, those claims cannot serve as the basis for the relation back doctrine.

### b.  Discovery Rule

Looking next at the discovery rule, this argument fails for several reasons.  First and foremost, the discovery rule was never pled and details as to Plaintiff's discovery are unknown.

Page  13  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

*See Emmert v. Clackamas County*, 2107 WL 194 1946321, *2 (D. Or., January 12, 2017) (Plaintiff's reliance on discovery rule to support *Monell* claim required complaint to contain facts showing when plaintiff discovered the tortious conduct.).  As the SAC contains no information as when or how Plaintiff discovered the facts underlying his claim, the claim is untimely on its face and should be dismissed.

Second, the record already created does not support application of the discovery rule. Previously, in state court pleadings, Plaintiff's counsel asserted that *he* could not have discovered the *Monell* claim until publication of an August 9, 2023 report labeled "The Handling of the 2020 Protests and Riots in Portland, Oregon; An Independent Review." (Turco Decl., Ex. 17).  In support of this assertion, Plaintiff's counsel submitted a declaration in state court, stating he had just learned of the August 9, 2023 report; but, this briefing contained no information as to when *Plaintiff himself* learned of the facts underlying his claim.  Counsel's discovery of a report does not support application of the discovery rule, rather counsel's discovery speaks only to when he developed a new legal theory.  Nor has counsel offered any specifics as to how each *Monell* allegation relates to the August 2023 report, or how this report gave rise to each and every one of the allegations in the *Monell* claim.  As the pleadings stand now, the discovery rule simply does not provide a basis for extending the statute of limitations.

Third, reliance on the discovery rule in the present case does not make sense based on Plaintiff's profession and the amount of press time given to the George Floyd protests in Portland.  Plaintiff has alleged he was a professional photographer and member of the press. (SAC, ¶¶ 3, 5, 12, 14, 22).  He has even previously invoked application of ORS 44.510 *et seq*. to not produce discovery, as he claimed his photographs are protected as he is a member of the press. (Turco Decl., Ex. 18).  It is difficult to conceive that a reporter, who attended protests

Page  14  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

repeatedly, on numerous occasions despite receiving claimed injuries, only just discovered the basis for his *Monell* claim.  Plaintiff was involved in other litigation—specifically, he filed a previous lawsuit arising out of the George Floyd protests, and even authored a declaration as part of the contempt inquiry in *Don't Shoot Portland v. City of Portland,* 3:20-cv-00917-HZ. (Turco Decl., Exs. 20, 21).  The contempt inquiry resulted in a finding—issued November 27, 2020— that the City was in a contempt for violating a court order on the use of force. *Don't Shoot Portland v. City of Portland*, 503 F. Supp. 3d 1022 (D. Or. 2020).  Plaintiff's first complaint, in his separate case arising from a protest incident on May 31, 2020, stated a claim for battery as well as a claim for injunctive relief regarding use of force. (*Id.*, Ex. 21) ("Mr. Lake also seeks an injunction prohibiting the City of Portland from continuing to use military-style weapons including chemical weapons and explosive devices on peaceful protestors in the future.").[2]

The Portland protests were publicized widely, and criticism of the City was publicized widely; Plaintiff's involvement in the protests and litigation has been ongoing since the protests began and he participated in the vast *Don't Shoot Portland* litigation in June of 2020.  Other attorneys have relied on multiple publications for their *Monell* claims, which were authored well before the report on which Plaintiff's counsel now relies. (*See* Turco Decl., Ex. 19).  Moreover, multiple press members joined as plaintiffs in a lawsuit filed June 28, 2020, which alleged a *Monell* claim against multiple law enforcement agencies for uses of force against press. *Woodstock v. City of Portland*, 3:20-cv-01035-SI. (Turco Decl., Ex. 22).  This lawsuit was brought by the ACLU, was widely publicized, and was carefully watched by news agencies who

---

[2] The prior state law case arguably presented an opportunity for Plaintiff to assert this *Monell* claim, to the extent Plaintiff continues to assert the *Monell* claim relates back to a state law tort claim.  Depending on what Plaintiff argues in response to the present motion, the City reserves arguments on whether Oregon's claim preclusion law prevents Plaintiff from bringing his *Monell* claim now.

Page  15  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

later joined as plaintiffs in July 2020. *Index Newspapers v. City of Portland*, 3:20-cv-01035-SI. (Turco Decl., Ex. 23).

Finally, and most telling, the record demonstrates Plaintiff knew of a *Monell* claim or was at the very least, on inquiry notice at the time he sent his TCN. (Turco Decl., Ex. 9, Ex. A).  The third page of this document lists the "Nature of Injury" and includes "violation of civil rights," under this section. (*Id*.)  As early as July 8, 2021, when this document was dated, Plaintiff believed his civil rights had been violated and was on inquiry notice to uncover the "critical facts" of his claim.  This inquiry would have led him to the various publicized reports, lawsuits, and reporting on lawsuits during the latter half of 2020, well before the claimed report of August 9, 2023.  Additionally, Plaintiff's earlier protest-related lawsuit was filed June 6, 2020 (Turco Decl., Ex. 21).  This lawsuit resulted in the exchange of discovery and ultimately gave him subpoena power, so that he—having inquiry notice at the very least—had the ability to exercise due diligence and obtain more information regarding his claims.

It has now been nearly four years since the George Floyd protests of 2020, and Plaintiff's *Monell* claim is long since time-barred.  Plaintiff's reliance on the relation back doctrine fails, as the *Monell* claim cannot relate back to underlying tort claims, which are themselves subject to dismissal and qualitatively different.  The discovery rule also does not apply to the facts of this case, as Plaintiff is a professional press member and the basis for his *Monell* claim has been widely publicized since 2020.

### ii.  Failure to State a Claim

Plaintiff's claim should also be dismissed because he fails to allege sufficient facts to state a *Monell* claim.  Generally speaking, "[a]llegatons of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how

Page  16  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1163 (E.D. Cal. 2010).  In the Ninth Circuit, a *Monell* claim must "contain sufficient allegations to give fair notice to the opposing party." *Alter by and through Alter v. County of San Diego*, 635 F.Supp.3d 1048, 1055 (S.D Cal. 2022).

In the present case, Plaintiff's allegations are conclusory and fail to meet the elements of *Monell* liability against the City.  First, there is no mention of how the customs amounted to deliberate indifference.  Additionally, the *Monell* allegations are not supported by any factual allegations, other than the incidents involving Plaintiff himself.  For instance, allegations (A) and (B) discuss "individuals more broadly" and "members of the press," but the factual allegations in the SAC have no mention of any events beyond Plaintiff's own experience.  Likewise, allegations (C) and (D) discuss uses of force against peaceful protestors, but Plaintiff has not alleged he was a peaceful protestor, but rather a member of the press.  Specifically, he alleges he was "working in his capacity as a member of the press" and "clearly marked as such." (SAC, ¶¶ 3, 5, 12, 14, 22).  As such, there are no factual allegations in the SAC about uses of force against peaceful protestors or how these uses affected Plaintiff as a member of the press.  Likewise, allegation (C) discusses "validating" uses of force, but there are no allegations as to who did this or when this occurred.  Allegations (C), (D), and (E) discuss training, but the factual allegations do not even mention training.  Finally, allegation (F) discusses "court orders," but there is no specification as to what court orders are at issue or how the City was "failing to comply" with them.

Page  17  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

As an additional point, the claim fails because there can be no municipal liability when there is no violation of a constitutional right. *See Heller, supra*. This is really a threshold question. As already discussed, the *Monell* claim is derivative and dependent on an underlying constitutional violation. The individual incidents in Plaintiff's pleadings should be dismissed, and the remaining allegations fail to plead a constitutional violation. Because there is no underlying constitutional violation that can move forward, the derivative *Monell* claim fails.

Should the court disagree, and the claim moves forward, the City requests it be amended to be made more definite and certain, both as to application of the discovery rule as well as to the *Monell* claim.

## III.    CONCLUSION

For the reasons stated herein, the City's Motion to Dismiss should be granted in its entirety. Pursuant to FRCP 12(f) and 12(b)(6), paragraphs 17-20 and the John Doe defendants should be stricken or dismissed from the pleadings as they contain allegations that are outside the applicable statute of limitations. And, pursuant to FRCP 12(b)(1) and 12(b)(6), the First and Second Claims should be dismissed as the Court lacks subject matter jurisdiction under the Oregon Tort Claims Act. Finally, pursuant to FRCP 12(b)(6), the Third Claim should be dismissed because the claim is time barred and Plaintiff has failed to allege the elements of *Monell* liability against the City.

DATED: January 26, 2024

Respectfully submitted,

*/s/ Caroline Turco*
CAROLINE TURCO, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
*Of Attorneys for Defendant City of Portland*

Page  18  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS