CAROLINE TURCO, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MASON LAKE,** | 3:23-cv-01870-MO |
| **Plaintiff,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| **CITY OF PORTLAND, a municipal corporation,** | |
| **Defendants.** | |

### Local Rule 7-1 Certificate

Counsel for defendant City of Portland (hereafter "City") certifies that she and counsel for plaintiff conferred on the telephone but were unable to resolve the issues in dispute. The City incorporates the briefing from its previous Motion to Dismiss.

### I.   MOTION

Defendant City respectfully moves the court for an Order as follows:

1. Pursuant to FRCP 12(f), 12(b)(1) or 12(b)(6), striking or dismissing the new amendments that are beyond what the court allowed.

Page 1 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

2. Pursuant to FRCP 12(b)(6), dismissing the First Claim for Relief because the amendments do not cure the *Monell* claim.

3. In the alternative, pursuant to FRCP 12(f) or 12(b)(6), striking or dismissing particular portions of the Third Amended Complaint related to August 22, 2020.

## II.    MEMORANDUM OF LAW

### A. Introduction

This case originated in state court in June of 2022, was removed, and then this court granted the City's Motion to Dismiss without prejudice. Plaintiff was given leave to amend as to two deficiencies in the *Monell* claim: (1) the kind of custom and practice necessary for a press officer, and (2) ratification. Presumably the amendments would have also removed the parts of the case dismissed pursuant to the City's motion. The City now moves to dismiss or strike because (1) many of the amendments in the Third Amended Complaint go beyond what the court allowed, (2) the amendments do not cure the *Monell* claim, and (3) alternatively, particular portions of the new pleading related to August 22, 2020 should be dismissed or stricken pursuant to the court's prior ruling.

### B. Plaintiff's Pleadings

Plaintiff's Third Amended Complaint ("TAC") adds factual allegations in an effort to allege a *Monell* claim against the City. As to the claim itself, the TAC includes the exact same particulars as the previous pleading:

A. Allowing police officers to use excessive force against members of the press working at the protests;

B. Allowing police officers to use excessive force against individuals more broadly;

Page 2 –   DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

    C.    Validating the use of force against members of the press at the protests with no discussion of the reasonableness of the force used; Failing to properly train officers in the application of force against peaceful protesters;[1]

    D.    Failing to properly train officers in the application of force against peaceful protesters;

    E.    Failing to properly train officers in the application of force generally;

    F.    Failing to comply with court orders restricting the use of force against members of the press; and

    G.    Failing to effectively discipline police officers who use excessive force.

(*Id*.).

Plaintiff's TAC states the basis for the *Monell* claim as being the Fourth Amendment, similar to the previous pleading. The TAC also states the claim is based on the First Amendment, which is new and was not part of the previous pleading. Additionally, the TAC includes a new state law claim for negligence. There are other amendments as discussed below.

**C. Legal Standard**

    **1. Motion to Dismiss**

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] This particular of the claim includes two separate allegations and will be referred to as C(1) and C(2).

Page 3 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp.* 550 U.S. at 555). A 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

### 2. Motion to Strike

The court may, on its own initiative, or pursuant to a motion from either party, strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

## D. Argument

### 1. The court should dismiss or strike the amendments that go beyond what the court allowed.

The TAC includes amendments beyond those allowed by the court at the last hearing and should therefore be dismissed or stricken. The court was clear that amendment would be allowed to cure two deficiencies in the *Monell* claim: first, the kind of custom and practice, and second, details as to ratification. (Declaration of Caroline Turco ("Turco Decl."), Ex. 1). Additionally, the court dismissed the "shove" of the June 27, 2020 incident, because the Tort Claim Notice ("TCN") did not include those details. (*Id.*) Yet, the TAC now states that plaintiff was "grabbed and pushed" in the June incident. (TAC, ¶ 34). Likewise, the court dismissed the

August 22, 2020 incident for deficient tort claim notice, yet this incident still appears in the TAC. (Turco Decl., Ex. 1). The court had invited counsel to brief why the August incident should be allowed to support the *Monell* claim, but no such support was offered with the TAC. (*Id.*)

To be specific, paragraph by paragraph, the following amendments in the TAC go beyond the bounds of the court's parameters:

- **Paragraph 34:** This paragraph describes the June 27, 2020 incident and includes details that plaintiff was "grabbed and pushed." The court's previous ruling was that "shove" was not part of the case, as the court lacks subject matter, after reviewing the TCN. Under that same rationale, "grabbed and pushed" should be dismissed or stricken.

- **Paragraphs 37-38:** These paragraphs describe the August 22, 2020 incident, which the court previously ruled was not part of the case as it was not included in the TCN. The court invited plaintiff's counsel to brief why it should be part of the *Monell* claim, but no such briefing has been offered. The court's question on this issue is discussed more fully below, but to be clear, counsel was directed to brief why this should be allowed and no such briefing was given. As such, these paragraphs should be dismissed or stricken.

- **Paragraph 44:** This paragraph alleges a violation of the First Amendment, which is entirely new and was never discussed by the court as something authorized to be added into the case. This language should be dismissed or stricken.

Page 5 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

- **Paragraphs 55-57:** These paragraphs allege a state law claim for negligence. The particulars of negligence simulate a *Monell* claim. These particulars were never part of the TCN which was previously briefed at length. More importantly, this was not an amendment authorized by the court in its previous ruling. In conferral, counsel said he would consider taking this out and would circle back, but as of the date of this filing, there has been no update on this issue. These paragraphs should be dismissed or stricken

In sum, these amendments in the TAC go well beyond what the court authorized and directed counsel to do. The amendments are so broad, in even adding entirely new claims, that they are tantamount to violating the court's order, not simply ignoring it. As such, the court should dismiss or strike these amendments.

**2. The court should dismiss or strike the First Claim for Relief because the amendments do not cure the *Monell* claim.**

Looking to the *Monell* claim, the amendments do not cure the deficiencies addressed during the hearing on May 22, 2024. At that hearing, plaintiff's counsel was directed by the court to amend to offer detail as to two points: the kind of custom and practice necessary for a press officer, as well as details as to ratification. The TAC does not add sufficient detail on these two points, and the pleading is therefore not cured by amendment.

Taking ratification first, the TAC is devoid of any reference to a policymaker. The single mention of anything or anyone having oversight or authority is a quote from an April 2, 2021 report that states "supervisors frequently validated individual uses of force with little or no discussion of reasonableness of the force used." The generic mention of supervisors does not implicate policymaking authority. And there is no nexus between it and plaintiff's incident. As

such, plaintiff has failed to meet the requirements for a *Monell* claim on a ratification theory and dismissal is appropriate. *See Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (To succeed on a claim for ratification, a plaintiff must prove that a "policymaker approve[d] a subordinate's decision and the basis for it.").

Looking at the allegations regarding custom and practice, the amendments are not specific to members of the press or pepper spray, and they do not present facts which—from a temporal perspective—could be a moving force that preceded and therefore precipitated plaintiff's incident. Taking the paragraphs in turn, each is problematic:

- **Paragraphs 7-10:** These paragraphs discuss the DOJ Settlement Agreement with the City of Portland regarding treatment of those with mental illness. While these paragraphs paint the City in a bad light, they are not relevant to a claim by a member of the press involving Officer Lehman.[2] Further, paragraph 8 actually alleges that the City did revise its policies and trainings—which undermines plaintiff's claim that training was lacking. The paragraph goes on to discuss de-escalation, a term completely absent from the previous version of the pleading. The paragraph also mentions discipline, but there is no mention of discipline of Officer Lehman or any discipline in connection with plaintiff's incident. Simply put, the DOJ settlement was not a moving force behind Officer Lehman's use of force.

- **Paragraph 11:** This paragraph discusses the contempt finding in the *Don't Shoot Portland* litigation made in November 2020, well after plaintiff's incident. The

---

[2] Officer Lehman is the officer pictured in the photograph attached to plaintiff's original complaint. He is not named as a defendant and was previously a John Doe defendant.

paragraph states this finding was related to an incident on June 30, 2020, also after plaintiff's incident. These events post-dated Officer Lehman's use of force on June 27, 2020 and could not have been a moving force in causing plaintiff's incident. Further, the contempt findings were not specific to members of the press.

- **Paragraph 12:** This paragraph alleges that a federal judge issued a temporary restraining order against the City on July 2, 2020. This order in the *Index Newspapers* litigation was not in effect on June 27, 2020, and could not be a moving force that preceded and precipitated plaintiff's incident. Again, these subsequent events could not have been a moving force in causing plaintiff's incident, and this allegation runs the risk of imputing the entire *Index Newspapers* case into this case. If specific aspects of another case support plaintiff's case, he must state those, but simply citing to an entire case does not meet the pleading standards for *Monell*.

- **Paragraphs 13 and 15:** These paragraphs discuss the personal experiences of other individuals, both of which post-date plaintiff's incident. Ms. Mahoney's experience is said to have occurred on June 30, 2020, and Justin Yau's experience was on July 15, 2020—involving a *federal* officer. These are not incidents of which the City had notice during June 27, 2020, such that they formed the City's actions or could have caused the City to act differently. Further, the City cannot be held liable under a *Monell* theory for what a federal officer did.[3]

---

[3] Other paragraphs, such as 12, 13, 15, 16, 25 and 26, discuss the actions of other agencies or

The court could look at this from another angle and analyze each of the particulars of the *Monell* claim in paragraph 45.

- **Subparts A, B, and C(1)**: These subparts discuss what the City "allow[ed]" and what the City "validat[ed]." These appear to articulate a ratification theory, which as already discussed above, is not supported by the amendments. Without any allegations to support a ratification theory, Subparts A, B, and C should be dismissed.

- **Subparts B and E**: These mention the use of force "generally" and "broadly," and they do not apply to plaintiff as a press member. The use of force generally does not support plaintiff's claim as a member of the press. These subparts should have been removed based on the court's previous ruling.

- **Subpart F**: This subpart talks about "[f]ailing to comply with court orders restricting the use of force against protestors and members of the press," but the allegations do not include any such court order that applies to June 27, 2020. Moreover, this allegation does not constitute any type of *Monell* claim. Paragraph 11 references a Temporary Restraining Order, but that order did not pertain to press nor is there any allegation the City violated that order.

- **Subparts C(2) and E**: These subparts mention training. Paragraph 31 states in a conclusory fashion that officers "were not properly trained in the use of force and handling large protests including specifically how to deal with journalists and

---

"law enforcement" generically and should be dismissed or stricken as irrelevant to the City's actions.

Page 9 –   DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD
            AMENDED COMPLAINT

members of the press." This is not sufficient to support Subparts C(2) and E, and these particulars should be dismissed.

- **Subpart G**: This subpart talks about discipline. Paragraph 32 that officers "were not disciplined in such a way that limited such unlawful activity." This is not sufficient to support Subpart G, and this particular should be dismissed.

In sum, the allegations and particulars of the claim do not align. The court can look at the newly added paragraphs and try to connect them to subparts A through G, or the court can look at the subparts and see if any allegations are offered in support.

### 3. In the alternative, the court should dismiss or strike particular portions of the new pleading related to August 22, 2020.

In addition to the paragraphs already discussed, the court should dismiss or strike the portions of the TAC related to August 22, 2020. This is the issue on which the court, at the previous hearing, directed plaintiff's counsel to submit briefing, but none was given. At the hearing, the question posed by the court was whether plaintiff could base his *Monell* claim on the August 22, 2020 incident despite the fact the court found it lacked subject matter jurisdiction to consider a state law claim arising from that incident. Although it appears to be plaintiff's burden to present argument to resurrect this allegation, the City will address the issue briefly, and reserve further argument in reply:

While no case was found directly on point as of this filing, cases related to dismissal under a statute of limitation rationale are informative. Courts have consistently refused to allow a *Monell* claim to proceed based on an incident that was time barred. See *e.g., Belinda K. v. County of Alameda*, 2012 WL 1535232, *9 (N.D. Cal. April 30, 2012) ("Because the only underlying constitutional tort Plaintiff has alleged against the San Leandro Police Officers is

Page 10 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

time barred, Plaintiff's *Monell* claim seeking to attach liability to the Officers' employer, the City of San Leandro Policy Department, is also time barred."); *Fink v. Ohannessian*, 2023 WL 4680782, *10 (E.D. Cal. April 27, 2023) ("To the extent Plaintiff bases his Monell claim on conduct in 2015 and 2016, the claim would be time-barred.").

The August 22, 2020 incident was pled within two years of the incident, but that claim was never valid or operative because the court never had jurisdiction over it. Therefore, when the court allowed the *Monell* claim to proceed by amendment, based on a finding that it related back to the June 27, 2020 incident—the *Monell* claim did not relate back to the August 22, 2020 incident, because that was never properly before the court. The *Monell* claim cannot relate back to an incident over which the court did not have jurisdiction. That claim was dismissed and is now being reinserted—after expiration of the statute of limitations—back into the case.

More importantly, the August incident happened after the June incident and therefore could not be considered the moving force behind the June incident. Even if the court were to conclude that it could theoretically consider the August incident as evidence of the *Monell* claim—the August incident did not put the City on notice of an issue which could have been rectified prior to the June incident

In sum, the August incident was dismissed from the case and should not be added back in to support the *Monell* claim. The court did not have jurisdiction over that incident, and it is now time-barred. Lastly, the August incident could not be the moving force behind the June incident as it occurred afterward.

///

///

///

Page  11 –   DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

### III.   CONCLUSION

For the reasons stated herein, the City's Motion to Dismiss Third Amended Complaint should be granted in its entirety.

DATED: August 22, 2024

Respectfully submitted,

*/s/ Caroline Turco*
CAROLINE TURCO, OSB #083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
*Of Attorneys for Defendant City of Portland*